# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket 42830

LARRY M. SEVERSON,               )
                                 )
    Petitioner-Appellant,        )    **Boise, November 2015 Term**
                                 )
    v.                           )    **2015 Opinion No. 119**
                                 )
STATE OF IDAHO,                  )    **Filed: December 23, 2015**
                                 )
    Respondent.                  )    **Stephen W. Kenyon, Clerk**
_____ )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

The order of the district court granting summary dismissal on the ground of res judicata is <u>vacated, in part,</u> and the case is <u>remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, for respondent. Jessica M. Lorello argued.

_____

J. JONES, Chief Justice

Larry Severson was convicted in 2004 of one count of first-degree murder and one count of poisoning food or medicine. Those convictions were upheld by the Court on direct appeal. In this post-conviction proceeding, Severson appeals the district court's summary dismissal on res judicata grounds of his claims of ineffective assistance of counsel for failing to object to allegedly improper statements made by the prosecutor in closing argument. The appeal was heard by the Idaho Court of Appeals, which reversed the holding that res judicata applied. The State petitioned for review, which this Court granted.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Severson with first degree murder and with poisoning food and/or medicine in connection with the 2002 death of his wife, Mary Severson. In 2004, after a

1

seventeen-day trial, a jury convicted Severson on both charges. The district court sentenced Severson to life without the possibility of parole for the murder conviction and to five years for the poisoning conviction. Severson appealed his convictions on several grounds, alleging, *inter alia*, that certain statements made by the prosecutor during closing arguments constituted prosecutorial misconduct that deprived him of his right to a fair trial. The standard of review applied by this Court when analyzing each allegedly improper statement depended on whether Severson had objected to the statement at trial. At issue here are only those statements to which Severson did not object at trial. The Court applied the fundamental error standard of review to these statements raised in the direct appeal.[1] In 2009, the Court affirmed Severson's convictions, holding in relevant part that any misconduct that occurred was not so significant that it resulted in fundamental error. In a dissent which Justice pro tem Kidwell joined, Justice Warren Jones opined that the prosecutor's misconduct during closing argument, including remarks that Severson had raised as well as remarks Severson failed to raise, constituted fundamental error. *State v. Severson*, 147 Idaho 694, 723, 215 P.3d 414, 443 (Warren Jones, J. dissenting).

Severson petitioned for post-conviction relief, alleging ineffective assistance of counsel on several grounds, including trial counsel's failure to object to the prosecutor's allegedly improper closing statements. The district court summarily dismissed the claim, ruling that issue preclusion applied because the claim required relitigating this Court's holding in his direct appeal that there was no fundamental error as a result of the statements at issue. Severson's other ineffective assistance claims were dismissed either summarily or after an evidentiary hearing. Severson's appeal is confined to the summary dismissal of his ineffective assistance claim for failure to object to statements made by the prosecutor during closing argument.

At the Court of Appeals, Severson argued that the fundamental error standard the Supreme Court applied in his criminal appeal is distinct from the prejudice analysis required to evaluate an ineffective assistance of counsel claim and, therefore, issue preclusion does not apply. The Court of Appeals agreed and reversed the summary dismissal. The State filed a petition for review, which this Court granted.

## II.

## ISSUES PRESENTED ON APPEAL

---

[1] In the direct appeal, the Court applied the harmless error standard to analyze other statements to which Severson did object. *State v. Severson*, 147 Idaho 694, 720–721, 215 P.3d 414, 440–441 (2009). Because the claim on review here is for ineffective assistance for failure to object, those statements are not relevant to the current proceeding.

1. Whether the district court erred by summarily dismissing Severson's ineffective assistance of counsel claim as to statements which the majority addressed in his direct appeal.

2. Whether the district court erred by summarily dismissing Severson's ineffective assistance of counsel claim as to statements which the majority did not address in his direct appeal.

## III.

## STANDARD OF REVIEW

In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014).

The Uniform Post-Conviction Procedure Act governs post-conviction proceedings. I.C. § 19-4901 *et seq.* "A petition for post-conviction relief is a civil proceeding, governed by the Idaho Rules of Civil Procedure." *Ridgley v. State*, 148 Idaho 671, 674, 227 P.3d 925, 928 (2010). Although Idaho Rule of Civil Procedure 8(a)(1) requires a pleader to set forth "a short and plain statement of the claim showing the pleader is entitled to relief," *Ridgley* holds that to survive summary dismissal, an application for post-conviction relief must contain "much more." *Id.* "The application must be supported by a statement that specifically sets forth the grounds upon which the application is based" and "[t]he application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal." *Id.* (internal quotation marks and citations omitted); *see also* I.C. § 19-4903.

"Idaho Code § 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the trial court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56." *State v. Yakovac,* 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). "[W]hen reviewing a district court's order of summary dismissal in a post-conviction relief proceeding … this Court must determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file." *Ridgley*, 148 Idaho at 675, 227 P.3d at 929. This Court exercises free review over questions of law. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009).

3

To prevail on an ineffective assistance of counsel claim, a petitioner seeking post-conviction relief must show that counsel's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984); *Adams v. State*, 158 Idaho 530, 536, 348 P.3d 145, 151 (2015). The petitioner establishes deficient performance by showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). The petitioner establishes prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors. *Id.* at 761, 760 P.2d at 1177.

## IV.

## ANALYSIS

For the purposes of this appeal, there were three categories of allegedly improper statements made by the prosecutor during closing arguments at Severson's criminal trial: (1) statements to which Severson objected at trial; (2) statements to which Severson did not object at trial that the majority of this Court addressed in its opinion in Severson's direct appeal; and (3) statements to which Severson did not object at trial and which he did not raise on direct appeal. Those statements to which Severson objected at trial are not relevant here because the instant claim alleges ineffective assistance based on the failure of Severson's attorney to object. As to the statements to which Severson did not object at trial, if the elements of issue preclusion are unmet then any claim arising from them is not precluded and summary dismissal on that basis was incorrect.

Under Idaho law, issue preclusion bars an issue from being relitigated if, *inter alia*, "the issue decided in the prior litigation was identical to the issue presented in the present action" and "the issue sought to be precluded was actually decided in the prior litigation." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007). Severson argues that the first of these requirements is unmet with respect to those statements which the majority addressed in the direct appeal and that the second is unmet with respect to those statements not addressed by the majority in the direct appeal. Each set of statements will be analyzed separately.

**A.   The district court did not err in summarily dismissing Severson's claim based on statements litigated on direct appeal.**

As to statements which the majority addressed in his direct appeal, Severson argues that issue preclusion does not apply because the Court did not decide whether counsel was deficient in failing to object or whether there was a reasonable probability of a different outcome had

4

counsel objected. Issue preclusion bars present litigation of an issue that is identical to an issue decided in a prior proceeding. *Ticor*, 144 Idaho at 124, 157 P.3d at 618. A petitioner asserting an ineffective assistance of counsel claim must show both that counsel's performance was deficient and that the petitioner was prejudiced by that deficiency. *Strickland*, 466 U.S. at 687–688; *Adams*, 158 Idaho at 536, 348 P.3d at 151. The prejudice inquiry in an ineffective assistance claim requires consideration whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

Although in Severson's direct appeal the Court did not analyze the statements using the precise test enunciated by *Strickland* and *Aragon*, the Court's holding of no fundamental error nonetheless conclusively establishes that Severson was not prejudiced by the statements. Accordingly, Severson cannot establish that counsel was ineffective for failing to object to these statements.

The Court applied the fundamental error standard[2] when considering the prosecutor's unobjected-to and allegedly improper comments about Severson's failure to testify, about Mary speaking from her grave, and about Mary's family. *Severson*, 147 Idaho at 718–720, 215 P.3d at 438–440. Regarding Severson's failure to testify, the Court held that "Severson … failed to prove that the prosecutor's statement was an impermissible comment on his silence that constituted fundamental error." *Id.* at 719, 215 P.3d at 439. Regarding Mary speaking from her grave, the Court held that the statements "were somewhat inflammatory" but "did not, however, rise to the level of fundamental error." *Id.* Regarding Mary's family, the Court held that the references, "while arguably improper, did not constitute fundamental error." *Id.* at 720, 215 P.3d at 440. Ultimately, the Court held: "The statements did not impact the fairness of Severson's trial or deprive him of due process and, therefore, were not fundamental error." *Id.* Although the Court analyzed the statements for fundamental error rather than prejudice, its holding that the statements did not deprive Severson of due process necessarily forecloses the possibility that he was prejudiced under the *Strickland*/*Aragon* standard. Accordingly, it was not error for the district court to hold that issue preclusion barred relitigation of these statements. Reframing the issue as whether the outcome would have been different if counsel had objected cannot succeed,

---

[2] The fundamental error standard in Idaho has changed since this Court decided Severson's direct appeal in 2009, but that fact has no bearing on the Court's opinion today. *See State v. Perry*, 150 Idaho 209, 227–228, 245 P.3d 961, 979–980 (2010).

where the Court has already conclusively established that the statements themselves did not prejudice Severson. If the statements were not sufficiently prejudicial to rise to the level of a due process violation, failure to object to them cannot constitute ineffective assistance.

**B.**     **The district court erred in relying on res judicata to summarily dismiss Severson's claims based on statements not litigated on direct appeal.**

As to unobjected-to statements which the majority did not address in his direct appeal, Severson argues that issue preclusion does not apply because the majority did not actually decide anything related to those statements. Issue preclusion does not apply where the issue was not actually decided in prior litigation. *Ticor*, 144 Idaho at 124, 157 P.3d at 618.

On direct appeal, Severson identified several allegedly improper statements made by the prosecutor, all of which the Court dealt with in its opinion. However, a number of statements which Severson now claims were improper were not raised on direct appeal and, therefore, were not addressed by the Court in that appeal. The dissent filed in the direct appeal identified what it deemed to be "all offensive statements from closing arguments, even those not specifically cited to by appellant in his brief." *Severson*, 147 Idaho at 724–726, 215 P.3d at 444–446 (Warren Jones, J. dissenting). It is unclear why Severson did not raise these allegedly improper statements on direct appeal so that they could have been addressed in the Court's opinion. Nevertheless, the fact remains that the Court did not address these statements in its majority opinion. Because Severson did not raise these statements on his direct appeal and the majority, therefore, did not address them, they were not actually decided in the prior litigation. Because they were not actually decided in the prior litigation, issue preclusion cannot apply to them. Accordingly, the district court erred in ruling that issue preclusion barred Severson's ineffective assistance claim based on statements not raised on direct appeal.

The State argues that the summary dismissal should nevertheless be affirmed because Severson failed to establish a prima facie case of ineffective assistance. Summary dismissal of a petition for post-conviction relief is appropriate if "the petitioner has not presented evidence establishing a prima facie case as to each element of the claims upon which the applicant bears the burden of proof." *Pratt v. State*, 134 Idaho 581, 583, 6 P.3d 831, 833 (2000). An ineffective assistance of counsel claim in a petition for post-conviction relief will survive a motion for summary dismissal only if the petitioner establishes both that a material issue of fact exists as to whether counsel's performance was deficient and that a material issue of fact exists as to whether

6

that deficiency prejudiced the petitioner's case. *Schoger v. State*, 148 Idaho 622, 624, 226 P.3d 1269, 1271 (2010) (citing *Strickland*, 466 U.S. at 687–88).

The State argued at the district court that Severson failed to meet this standard but the court did not consider whether Severson adequately raised a genuine issue of material fact. Although the Court could take it upon itself to decide that matter on the record presented, the better course of action is to remand for the district court to consider this question. This approach also gives the district court the opportunity to address any claims Severson may present regarding appellate counsel's failure to raise on direct appeal those statements which the dissent noted but which the majority did not address.

## V.

## CONCLUSION

We vacate the district court's summary dismissal of Severson's claims for ineffective assistance of counsel relating to the alleged improper statements that were not raised on direct appeal. We remand for further proceedings consistent with this opinion.


Justices EISMANN and BURDICK CONCUR.


Justice W. JONES, specially concurring in part and dissenting in part.

I concur with the Court that the district court erred and the case should be remanded, but respectfully disagree with Section IV(A) of the majority's opinion and the Court's remand instruction. I adhere to my dissent in Severson's direct appeal (*State v. Severson*, 147 Idaho 694, 723–29, 215 P.3d 414, 444–49 (W. Jones, J., dissenting)), and emphasize again that the prosecutor's remarks, while perhaps not all individually worthy of reversal, amounted to an unfair trial and fundamental error when considered in the aggregate. I again note that the cumulative error doctrine supports a finding of fundamental error in this case.

The majority has concluded that because there was no fundamental error resulting from the prosecutorial misconduct which occurred at trial, Severson was not prejudiced by his attorney failing to object to that misconduct. Taking the majority's premise that there was no fundamental error as true, I do not argue with the logic leading to the conclusion that there cannot be prejudice now. However, as I stated in my dissent in the direct appeal, the cumulative error doctrine supports the conclusion that the prosecutor's conduct during closing arguments deprived

Severson of a fair trial and thereby constituted fundamental error. *See State v. Gross*, 146 Idaho 15, 21, 189 P.3d 477, 483 (Ct. App. 2008) ("The cumulative error doctrine refers to an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant's right to due process.") (citing *State v. Moore*, 131 Idaho 814, 823, 965 P.2d 174, 183 (1998)).

Given that, in my opinion, the prosecutorial misconduct in this case did amount to fundamental error, the proper course of action at this stage is to analyze whether or not Severson's counsel's failure to object to that same misconduct prejudiced Severson sufficiently to constitute ineffective assistance of counsel. By failing to so analyze, the majority, having deprived Severson of his right to a fair trial in the direct appeal, now limits his ability to fully litigate whether his right to effective assistance of counsel was satisfied.

The majority divides the prosecutor's conduct into statements the majority addressed on the direct appeal as one category, versus statements it did not address as the second category. It refuses to consider the former category due to issue preclusion. The error of the majority is that the issue presently before the Court is the collective consideration of all of Severson's counsel's failures to object to the prosecutor's comments, not consideration of each failure individually. Because the issue of whether all of Severson's counsel's failures collectively constituted ineffective assistance of counsel has not before been litigated, it is not barred by issue preclusion.

If Severson was prejudiced by his attorney's failure to object to the prosecutor's statements, that prejudice did not stem from failing to object to one statement individually or even one category of statements, but rather from the totality of each failure to object to all of the instances of misconduct, which were manifold. That is why properly addressing Severson's claim of ineffective assistance of counsel requires consideration of all failures in their totality rather than individually. Thus, in order to properly address Severson's claim of ineffective assistance of counsel, the district court should consider the whole of Severson's counsel's repeated failures to object to the prosecutor's misconduct.

I do not take issue with Section IV(B) of the majority's opinion. To be clear, I continue to believe that the majority was incorrect in not considering the statements that were not addressed by it on Severson's direct appeal, but given that it did not consider them, I agree with its legal analysis in Section IV(B).

8

Accordingly, I concur with the majority that the district court erred in summarily dismissing Severson's claims for ineffective assistance of counsel. For the reasons outlined above, I disagree with the analysis that led the Majority to limit its assignment of error to the district court's failure to consider only those claims that were not raised on direct appeal.

Justice Pro Tem WAYNE KIDWELL CONCURS.