# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43048

| | | |
|---|---|---|
| STEVEN JOSEPH RENDON, | ) | 2016 Unpublished Opinion No. 636 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

MELANSON, Chief Judge

Steven Joseph Rendon appeals from the district court's judgment summarily dismissing Rendon's petition for post-conviction relief. Specifically, Rendon argues that the district court abused its discretion when it denied his motion to conduct discovery. Rendon contends that the requested discovery could have led to evidence supporting valid claims of ineffective assistance of counsel entitling Rendon to relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Pursuant to a plea agreement, Rendon pled guilty to one count of statutory rape. I.C. § 18-6101(1). Prior to sentencing and after hiring new counsel (withdrawal counsel), Rendon filed a motion to withdraw his guilty plea and alleged he was being denied his Sixth Amendment right to counsel because his initial counsel had a conflict of interest. Rendon

1

alleged that the conflict of interest arose from his initial counsel's simultaneous representation of both Rendon and one of Rendon's acquaintances, who had been listed by both Rendon and the State as a potential witness in Rendon's criminal case.[1] A hearing was held on Rendon's motion, at which Rendon and his initial counsel testified. The district court found that Rendon's initial counsel did not have an actual or impermissible conflict of interest which prejudiced Rendon. Alternatively, the district court also found that, even if there was the possibility of a conflict of interest, it was rendered moot because Rendon pled guilty to statutory rape and the witness's potential testimony related to the issue of Rendon's alleged use of force in the commission of the crime. Consequently, the district court denied Rendon's motion to withdraw his guilty plea. The district court sentenced Rendon to a determinate term of fifteen years. Rendon appealed the district court's denial of his motion to withdraw his guilty plea, and this Court affirmed in an unpublished opinion. *State v. Rendon*, Docket No. 38275 (Ct. App. May 11, 2012).

Rendon filed a petition for post-conviction relief and counsel was appointed. In a verified amended petition, Rendon alleged, among other things, claims of ineffective assistance by both his initial counsel and his withdrawal counsel. Rendon filed a motion for discovery seeking permission to depose the witness who Rendon asserted was represented by Rendon's initial counsel at the time he entered his guilty plea. Following a hearing, the district court denied Rendon's motion to conduct discovery. The district court subsequently dismissed Rendon's petition for post-conviction relief. Rendon appeals, challenging the district court's denial of his motion for discovery.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief

---

[1] While Rendon's case was pending, the witness was facing unrelated criminal charges and was represented by the same firm as Rendon. Rendon admitted that he was aware of the representation prior to entering his guilty plea.

is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Rendon argues that the district court violated Rendon's substantial rights by denying him the opportunity to discover evidence to substantiate his claims of ineffective assistance of counsel by both his initial counsel and withdrawal counsel. Specifically, Rendon asserts that discovery could have led to evidence proving that Rendon's initial counsel had an actual conflict that prejudiced Rendon, thereby supporting a valid claim of relief. However, as a threshold issue, the State argues that Rendon's post-conviction claim of ineffective assistance of counsel, to which the discovery request was related, was barred by the doctrine of res judicata. Specifically, the State asserts Rendon previously litigated whether his initial counsel had a conflict of interest in the underlying criminal case, and therefore Rendon was not entitled to conduct discovery on that already litigated question.

4

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Id.* The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). Res judicata covers both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Id.* Under Idaho law, issue preclusion bars an issue from being relitigated if, *inter alia*, the issue decided in the prior litigation was identical to the issue presented in the present action and the issue sought to be precluded was actually decided in the prior litigation. *Severson v. State*, 159 Idaho 517, 521, 363 P.3d 358, 362 (2015); *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618.

In the underlying criminal case, the issue litigated at the hearing on Rendon's motion to withdraw his guilty plea was whether his initial counsel had a conflict of interest when, at the same time counsel represented Rendon, counsel's firm also represented the witness whom the State had identified in pretrial filings as a potential witness. The district court concluded that Rendon's initial counsel did not have an actual impermissible conflict of interest, that Rendon was not prejudiced, and that Rendon's Sixth Amendment right to counsel had not been violated. On direct appeal, Rendon argued, *inter alia*, that he should have been allowed to withdraw his guilty plea because his initial counsel had a conflict of interest. This Court held that Rendon had failed to meet his burden and affirmed the district court's denial of Rendon's motion to withdraw his guilty plea.

On post-conviction, Rendon's first ineffective assistance of counsel claim was that his initial counsel labored under an actual conflict of interest and that counsel's representation was adversely affected by such conflict. *See Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980). Rendon's second claim was that withdrawal counsel failed to adequately investigate and argue Rendon's initial counsel's alleged conflict of interest for purposes of supporting Rendon's motion to withdraw his guilty plea and that, had he done so, the outcome would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694-96 (1984). Rendon filed a motion

for discovery seeking permission to depose the witness with the goal of gathering evidence that demonstrated the existence of an actual conflict and that such a conflict adversely affected counsel's representation of Rendon at the time he entered his guilty plea. At the hearing on Rendon's motion to conduct discovery, the district court found:

> What I have never been able to find out and never been presented is any indication, even a glimmer of some actively competing conflicting interest that existed between [the witness] and Rendon, and that that interest was somehow adversely affecting [initial counsel's] performance in representing Mr. Rendon.
>
> As I indicated earlier, in a rape case I really have no idea what was going on with even listing [the witness], but the State did. So be it. *But we've crossed through this ground. We've plowed through it. We've plowed through it under oath.* There is never that indication of the actual conflict of interest, apart from the joint representation, that impacts Mr. Rendon's substantial interest. It just hasn't even raised its head to me.
>
> So at this point I have to say I feel that as well designed and as well motivated as counsel's efforts are on behalf of Mr. Rendon, there just are insufficient indicators that there's going to be the opportunity to present this actual conflict of interest because it's not demonstrated even in a form that concerns the Court that it exists.
>
> I think the claims by Mr. Rendon at this point stop that [at the] realization that there was joint representation, and he holds that up as being sufficient, and I don't think that needs to be confirmed through discovery. *I think that was established during the prior proceedings in the underlying criminal case and on appeal to the Court of Appeals.*
>
> In the absence of anything else, it is speculation and unsupported by any evidence at all, even a glimmer of evidence that there was the required level of active representation, conflicting interest because I don't know where the conflicting interests were that affected the performance of [initial counsel].
>
> So at this point, without prejudice, the motion for further discovery is denied as presented by counsel.

(Emphasis added.)

On appeal, Rendon acknowledges that both of his ineffective assistance of counsel claims raise a similar issue--whether there was an actual conflict of interest. Rendon further concedes that "it may be that there are some future issue preclusion effects from [prior decisions]." However, Rendon contends that it is too early to tell whether issue preclusion will bar relitigation of the conflict of interest because discovery may show a discrepancy in the testimony offered by Rendon's initial counsel at the hearing on the motion to withdraw Rendon's guilty plea. Citing other authorities, Rendon asserts that, if the State was aware of such a contradiction, issue

6

preclusion may not be applicable because the prior rulings on the conflict of interest issue were obtained by fraud.  Rendon's argument is unavailing.

Rendon's motion to conduct discovery was to gather evidence to show the existence of an actual conflict of interest which would substantiate his ineffective assistance of counsel claims. These claims are both predicated on the central issue of whether Rendon's initial counsel's representation of both Rendon and the potential state witness created a conflict of interest. However, the existence of an actual conflict had been previously litigated and decided in the underlying criminal case and on direct appeal.  Consequently, Rendon may not now attempt to relitigate the same conflict of interest issue.  Therefore, we hold that the district court did not abuse its discretion when it denied Rendon's motion to conduct discovery in order to prove the existence of an actual conflict.

## IV.

## CONCLUSION

Rendon is barred under the doctrine of res judicata from relitigating whether his initial counsel had a conflict of interest at the time Rendon entered his guilty plea.  Therefore, the district court did not abuse its discretion when it denied Rendon's motion to conduct discovery. Accordingly, the district court's judgment summarily dismissing Rendon's petition for post-conviction relief is affirmed.  No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.