**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44908**

| | |
|---|---|
| CURTIS EDWARD JACKSON, | ) |
| | ) Filed: June 8, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge.

Order granting motion for summary dismissal and judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Curtis Edward Jackson, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Curtis Edward Jackson appeals from the district court's order granting the State's motion for summary dismissal and the district court's judgment summarily dismissing Jackson's amended petition for post-conviction relief. Jackson presented three ineffective assistance of counsel claims in his amended petition, but the district court found his allegations conclusory and his claims unsupported by the record. Jackson contends that his allegations were not conclusory and that his claims were supported by evidence sufficient to support a prima facie case for each claim. For the following reasons, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jackson was charged with three counts of lewd conduct based on allegations that he committed sexual offenses against a nine-year-old girl on multiple occasions in 2009. Jackson's

1

first trial ended in a mistrial. In the second trial, the jury found Jackson guilty of all charges. The district court imposed three concurrent unified terms of life, with fifteen years determinate. Jackson filed an Idaho Criminal Rule 35 motion and a motion for appointment of counsel. The district court denied both motions. Jackson timely appealed from the district court's judgment of conviction entered upon a jury verdict finding him guilty of three counts of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and from the district court's order denying his motion for appointment of counsel for purposes of his Rule 35 motion. This Court affirmed the judgment of conviction and the district court's order denying Jackson's motion for appointment of counsel. *State v. Jackson*, Docket No. 39234 (Ct. App. Dec. 10, 2013) (unpublished).

Jackson then filed a petition for post-conviction relief, which was accompanied by an affidavit of facts. In his petition, Jackson presented six claims of ineffective assistance of counsel. The State filed an answer to Jackson's petition for post-conviction relief. Jackson also filed a motion for appointment of counsel, which the district court granted. After being appointed counsel, Jackson filed an amended petition for post-conviction relief, which narrowed the claims to the three pursued on this appeal. Jackson also filed an amended affidavit of facts. The State responded with an answer to the amended petition, a motion for summary dismissal and request for notice of intent to dismiss, and a memorandum in support of motion for summary dismissal. The district court issued an opinion and order granting the State's motion for summary dismissal of Jackson's amended petition. The district court then entered a judgment dismissing Jackson's amended petition for post-conviction relief with prejudice. Jackson timely appealed from both the district court's order granting the State's motion for summary dismissal and the judgment dismissing the amended petition.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*,

141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

3

appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

4

Jackson presents to us for review the dismissal of three of his claims from his amended petition. Jackson argues that he has pleaded a prima facie case of ineffective assistance of counsel for failure to conduct an adequate investigation, failure to move for a change of venue, and failure to object to the trial court's denial of a motion to dismiss a juror for cause. Jackson frames his primary issue on appeal as whether the district court erred in determining that he had failed to present evidence substantiating his claims.

A. **Failure to Investigate**

Jackson argued that his trial counsel failed to conduct an adequate investigation, averring that counsel became unresponsive to Jackson's inquiries and failed to properly examine the investigator's recorded interview with the victim, in which the investigator used leading or coercive questions. The State argued for dismissal on the grounds that Jackson had failed to show "how this limited communication prejudiced him" and how counsel's alleged failure to review the investigator's recorded interview affected the outcome of the trial. The State also asserted that the factual assertions contained in Jackson's affidavit were bare and conclusory. The district court found that Jackson had not demonstrated how any alleged breakdown in communication prejudiced his case. The district court further found that the record was devoid of anything which would support a finding that Jackson's counsel did not conduct a reasonable investigation.

On appeal, Jackson contends that the district court erred by addressing his failure to investigate issue solely on the communication breakdown theory. Jackson also argues that he raised a genuine issue of material fact by pleading a prima facie case regarding his counsel's failure to review the investigator's recorded interview. The State, on appeal, adopts the district court's analysis.[1]

---

[1]    In his brief, Jackson also raises two issues not addressed below: (1) failure to investigate family dynamics regarding disciplinary norms for the victim at home and at school, and (2) failure to investigate the probability that the victim's sexual knowledge was acquired through the saturation of sexually explicit materials and media found throughout the home. These issues were included in Jackson's original petition, but were not included in Jackson's amended petition or incorporated by reference. *See Diamond v. State*, 161 Idaho 636, 641, 389 P.3d 181, 186 (Ct. App. 2016) (holding that a district court intending to dismiss an amended petition for post-conviction relief that incorporates the original petition must address the issues in the original petition). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, investigate a witness's character, or conduct additional research a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. *Marr v. State*, 163 Idaho 33, 39-40, 408 P.3d 31, 37-38 (2017); *Thomas*, 145 Idaho at 769, 185 P.3d at 925; *Lake v. State*, 126 Idaho 333, 335-36, 882 P.2d 988, 990-91 (Ct. App. 1994). It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Thomas*, 145 Idaho at 769, 185 P.3d at 925. We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept the petitioner's mere conclusory allegations, unsupported by admissible evidence. *Roman*, 125 Idaho at 647, 873 P.2d at 901. Jackson has failed to provide us with the record from his underlying criminal case on appeal.[2] It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). The

---

[2] In the post-conviction proceedings below, the State moved the district court to take judicial notice of the entire underlying court file. Three months later, the State filed a second motion for judicial notice, narrowing its request to all court minutes, the register of actions, and trial transcripts for May 9 to May 11, 2011. The district court, in its opinion and order summarily dismissing Jackson's amended petition, stated that it took judicial notice of the record from the underlying criminal case. Idaho Rule of Evidence 201(c) provides that when a court takes judicial notice, whether sua sponte or pursuant to the request of a party, it "shall identify the specific documents or items that were so noticed." *See Taylor v. McNichols*, 149 Idaho 826, 835-36, 243 P.3d 642, 651-52 (2010) (explaining that the specificity requirement from I.R.E. 201(c) does not allow courts to take judicial notice of an underlying case *in toto* without specifying which documents and exhibits it is taking notice of). Moreover, it is best practice for a judge taking judicial notice to include the judicially noticed documents as attachments to an order granting motion for judicial notice in criminal cases or to the court's decision in post-conviction cases. I.A.R. 28(b)(2)(E) ("All orders of the court."); I.A.R. 28(b)(1)(H) ("The findings of fact and conclusions of law and any memorandum decision entered by the court."). By doing so, this ensures the clerk preparing the standard record on appeal would include the judicially noticed documents automatically.

6

only evidence provided, located in Jackson's affidavit of facts, is the conclusory statement that counsel "was very negative and unresponsive to Petitioner's inquiries" and the bare assertion that counsel "was well aware of the recorded evidence of the investigator and [the victim]," meaning that if counsel had "reviewed said evidence it would have been determined that the investigator had used opinion and leading questions in order to coerce [the victim] into making statements and provide evidence more in line with the investigators theory of the case." Because these conclusory statements are the only evidence provided, we are unable to hold that the district court erred in determining that the record was devoid of evidence supporting Jackson's claims of ineffective assistance of counsel for failure to investigate. Furthermore, Jackson never explained how his counsel's alleged failure to investigate made a difference in the proceedings, which is a requirement for failure to investigate claims, as it is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *See Thomas*, 145 Idaho at 769, 185 P.3d at 925. Accordingly, Jackson has failed to plead a prima facie case that his counsel's alleged failure to investigate constituted deficient performance and that he was prejudiced by the alleged failure.

**B.      Failure to Move for Change of Venue**

Jackson argued in his amended petition that defense counsel failed to protect him from a tainted jury despite knowing that Jackson desired a change of venue and that articles in the local newspaper made improper statements of prior uncharged bad acts. The State responded that because Jackson did not allege that the decision to not pursue a change of venue was not strategic or tactical, he failed to demonstrate that defense counsel's performance fell below an objectively reasonable standard. The State also argued that Jackson failed to show how the outcome of the trial would have been different had a change of venue been granted. The district court dismissed this claim because Jackson did not argue the decision not to request a change of venue was due to inadequate preparation or ignorance of the relevant law. The district court further found Jackson's assertion that the jury pool was likely exposed to negative pretrial publicity to be conclusory and, therefore, insufficient to constitute a prima facie case of

prejudice. On appeal, Jackson contends the district court erred in stating that he had not provided evidence to support this claim.[3] The State adopts the district court's reasoning.

A trial court's decision on a motion to change venue is discretionary in nature. *State v. Gray*, 129 Idaho 784, 800, 932 P.2d 907, 923 (Ct. App. 1997). Error in regard to a trial court's denial of a motion for change of venue cannot be predicated on the mere existence of pretrial publicity concerning a criminal case. *Id*. Instead, the validity of a court's decision to try a case in a particular venue is tested by whether, in a totality of existing circumstances, juror exposure to pretrial publicity resulted in a trial that was not fundamentally fair. *State v. Hyde*, 127 Idaho 140, 145, 898 P.2d 71, 76 (Ct. App. 1995). Factors to be considered in determining whether the defendant has received a fair trial, and thus whether denying the motion for change of venue was an abuse of discretion, include: an affidavit indicating a prejudice in the community; testimony at voir dire as to whether any juror had formed an opinion of the defendant's guilt; whether the defendant challenged for cause any of the jurors finally selected; the nature and content of the pretrial publicity; the length of time elapsed between the pretrial publicity and the trial; and any assurance given by the jurors themselves concerning their impartiality. *Gray*, 129 Idaho at 800, 932 P.2d at 923. It further has been held that the issue of whether a change of venue should be requested is a matter of trial strategy and tactical choice, not subject to review as a claim of ineffective assistance of counsel in the absence of proof of inadequate preparation or ignorance on counsel's part. *Grant v. State*, 156 Idaho 598, 606, 329 P.3d 380, 388 (Ct. App. 2014).

We begin by noting that Jackson never asserted that his attorney failed to move for a change of venue due to inadequate preparation or ignorance. Moreover, without having the underlying record available for review on appeal, we lack evidence regarding testimony at voir dire as to whether any juror had formed an opinion of the defendant's guilt; whether the defendant challenged for cause any of the jurors finally selected; the nature and content of the pretrial publicity; the length of time elapsed between the pretrial publicity and the trial; and any assurance given by the jurors themselves concerning their impartiality. *Gray*, 129 Idaho at 800, 932 P.2d at 923. Relying solely on the information included in Jackson's amended affidavit, as that is the only evidence we have been provided, it is unlikely that a motion to change venue

---

[3]    As explained above, the record from the underlying criminal case has not been provided on appeal. Accordingly, the only evidence made available to this Court for review on appeal is Jackson's amended affidavit of facts.

would have been successful. *See generally State v. Hadden*, 152 Idaho 371, 271 P.3d 1227 (Ct. App. 2012) (providing a survey of cases elucidating how difficult it is for a defendant to establish a presumption of prejudice that would require a change of venue). Therefore, it may very well have been a tactical decision to not file a motion for change of venue. Because the only evidence provided, located in Jackson's affidavit of facts, is Jackson's assertion that his attorney knew Jackson wanted a change of venue and knew of the negative media reports that the jurors were possibly exposed to, Jackson has failed to plead a prima facie case that the decision to not move for a change of venue constituted deficient performance and that it was not tactical.

## C.     Failure to Object to Denial of Motion to Excuse Juror for Cause

In his amended petition, Jackson asserted that his trial counsel rendered ineffective assistance by failing to object to the trial court's denial of a motion to dismiss a juror for cause. The State argued that counsel's conduct during voir dire was a tactical decision worthy of deference and that Jackson's assertion of prejudice was not supported by the record, as the jurors professed an ability to be impartial. The district court found that the issue of prejudice had already been decided on direct appeal, meaning Jackson was precluded from showing prejudice for purposes of satisfying the *Strickland* standard. On appeal, Jackson argues that the record contains evidence, presumably the transcript of voir dire, supporting his claim, meaning he has pleaded a prima facie case of ineffective assistance of counsel. The State, once again, adopts the district court's reasoning.

The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *See, e.g.*, *Knutsen*, 144 Idaho at 439, 163 P.3d at 228.[4] When a petitioner attempts to reframe an issue raised on direct appeal as an ineffective assistance of counsel claim and the underlying alleged error was held not sufficiently prejudicial to rise to the level of a due process violation on direct appeal, failure to object to the alleged error cannot constitute ineffective assistance because a showing of prejudice is required to prove ineffective assistance of counsel. *See*

---

[4]     As a clarification, the doctrine of res judicata contains both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Johnson v. State*, 158 Idaho 852, 855, 353 P.3d 1086, 1089 (Ct. App. 2015). At issue in the present case is whether issue preclusion applies. Claim preclusion is not at issue because the claim on direct appeal was not an ineffective assistance of counsel claim.

*Severson v. State*, 159 Idaho 517, 521-22, 363 P.3d 358, 362-63 (2015) (explaining that a holding of no fundamental error on direct appeal precluded consideration of the same issue framed as ineffective assistance of counsel because the defendant could not show prejudice under *Strickland*).

Though the juror bias claim raised on direct appeal in *Jackson*, Docket No. 39234, was not analyzed as fundamental error as in *Severson*, the reasoning in *Severson* still applies in this case. This is because the standard employed for cases where a party uses one of its peremptory challenges to remove a juror for cause requires a showing of prejudice. *Nightengale v. Timmel*, 151 Idaho 347, 354, 256 P.3d 755, 762 (2011). Although issue preclusion requires the issues in the prior litigation and present action to be identical, the Idaho Supreme Court in *Severson* explained that the differences between the analysis used in *Strickland* and the analysis used in fundamental error analysis did not bar the application of issue preclusion because a "holding of no fundamental error nonetheless conclusively establishes that [a party] was not prejudiced." *Severson*, 159 Idaho at 521, 363 P.3d at 362. The differences between the *Nightengale* prejudice analysis and the *Strickland* prejudice analysis are also insufficient to bar the application of issue preclusion due to the specific holding in Jackson's direct appeal.[5] The opinion in the underlying

---

[5]     The standard in *Nightengale* requires the defendant to demonstrate prejudice, presumably by showing that at least one remaining juror was biased, and therefore the allegedly wasted peremptory challenge would have been used on that juror. *Nightengale*, 151 Idaho at 354, 256 P.3d at 762. The Idaho Supreme Court has explained that failure to show prejudice, presumably by the existence of unexcused biased jurors, means any error was harmless. *Id.* Despite the use of the word "harmless" by the Court in *Nightengale*, it appears that the prejudice analysis in *Nightengale* is actually a higher standard that has shifted the burden of persuasion to proving prejudice to the defendant. The reason it appears to be a higher standard is that the harmless error analysis in *Chapman v. California*, 386 U.S. 18, 24 (1967) places the burden on the State, thus requiring the State to prove "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained," while the *Nightengale* decision states that the defendant *must* show prejudice. *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010). Even if it is not a higher standard, it is an equivalent standard. If it is equivalent to the *Chapman* harmless error analysis, then it is equivalent to or stricter than the prejudice standard in *Strickland*, which requires the defendant to demonstrate a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 694. *See Chapman*, 386 U.S. at 24 (noting that there is "little, if any, difference" between the "reasonable possibility that the evidence complained of might have contributed to the conviction" standard and the "beyond a reasonable doubt" standard from the *Chapman* harmless error analysis); *see also United States v. Butts*, 630 F. Supp. 1145, 1149 (D. Maine 1986) ("This Court considers a defendant's right to testify in a criminal proceeding against him so basic to a

10

direct appeal addressed the issue of prejudice on the merits. In that opinion, this Court held that Jackson failed to show that Juror 54 and Juror 57--the two jurors he claimed he would have used his peremptory challenge on--were biased. *Jackson*, Docket No. 39234. This Court, relying on the transcript from voir dire, explained that Juror 54 "indicated that she would be fair to Jackson despite her acquaintance with the prosecutor" and that Juror 57 "expressly stated, on two occasions, that she believed she could be impartial." *Id.* Because Jackson's amended petition for post-conviction relief was not accompanied by new evidence related to this issue, the district court was precluded from reaching a different conclusion.[6] Because the application of res judicata prevents Jackson from showing prejudice as required by *Strickland*, the district court did not err in determining that Jackson would not be entitled to relief even if all facts were construed in his favor.

## IV.

## CONCLUSION

Due to the dearth of evidence provided, Jackson has failed to plead a prima facie case of ineffective assistance of counsel regarding counsel's alleged failure to investigate and failure to move for a change of venue. Moreover, Jackson is unable to make a prima facie showing of prejudice, as required by *Strickland*, with regard to his attorney's failure to object to the trial court's denial of his motion to excuse a juror for cause due to the application of issue preclusion. Accordingly, the district court's order granting the State's motion for summary dismissal and the judgment summarily dismissing Jackson's amended petition are affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON **CONCUR**.

---

fair trial that its infraction can never be treated as harmless error, which is in essence the inquiry required to be made by the second, prejudice to the defense, prong of *Strickland*.").

[6] In order for issue preclusion to bar the relitigation of an issue, the party against whom the issue preclusion is being asserted must have had a full and fair opportunity to litigate the issue in the earlier case. *Severson v. State*, 159 Idaho 517, 521-22, 363 P.3d 358, 362-63 (2015); *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618. In determining whether a party had a full and fair opportunity to litigate a prior determination, courts should consider, *inter alia*, the availability of new evidence. *Richardson v. Four Thousand Five Hundred Forty-Three Dollars, U.S. Currency*, 120 Idaho 220, 224, 814 P.2d 952, 956 (Ct. App. 1991).