IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45780

| | |
|---|---|
| LARRY M. SEVERSON, | ) |
| | ) Filed: April 24, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn Norton, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Kormanik & Sneed LLP; John R. Kormanik, Boise, for appellant. John R. Kormanik argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRAILSFORD, Judge

Larry M. Severson appeals from the district court's dismissal of his petition for post-conviction relief. He asserts the district court erred in denying his claim for ineffective assistance of trial counsel, for the cumulative errors of his trial counsel, and for ineffective assistance of appellate counsel on direct appeal. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

After a seventeen-day trial in 2004, a jury convicted Severson of first degree murder and poisoning in connection with the 2002 death of his wife, Mary. The district court sentenced Severson to life without the possibility of parole for the murder and to a concurrent sentence of five years for the poisoning. The Idaho Supreme Court affirmed Severson's convictions on

1

direct appeal.  *State v. Severson*, 147 Idaho 694, 700-01, 215 P.3d 414, 420-21 (2009) (*Severson I*).

Thereafter, Severson petitioned for post-conviction relief.  Severson alleged, among other things, that his trial counsel was ineffective for failing to object to the prosecutor's allegedly improper statements made during closing argument.  The district court summarily dismissed Severson's claims on res judicata grounds, and Severson appealed to the Idaho Supreme Court. *Severson v. State*, 159 Idaho 517, 520, 363 P.3d 358, 361 (2015) (*Severson II*).  The *Severson II* Court ruled that the district court did not err in summarily dismissing Severson's claims based on those unobjected-to statements that the *Severson I* Court had already addressed on direct appeal. *Severson II*, 159 Idaho at 521, 363 P.3d at 362.  The *Severson II* Court reasoned that the *Severson I* Court's conclusions that these statements did not deprive Severson of due process "necessarily forecloses the possibility that he was prejudiced."  *Severson II*, 159 Idaho at 521-22, 363 P.3d at 362-63.

The *Severson II* Court also ruled, however, that the district did err in summarily dismissing Severson's claims based on statements that were not actually litigated on direct appeal.  The Court noted numerous statements to which Severson's trial counsel did not object "were not actually decided in the prior litigation, [and] issue preclusion [did not] apply to them."  *Id.* at 522, 363 P.3d at 366.  Accordingly, the *Severson II* Court remanded.  *Id.*

On remand, Severson filed a third amended petition alleging:  (1) ineffective assistance of trial counsel for (a) failing to object to improper statements in closing argument and (b) the cumulative effect of those failures and (2) ineffective assistance of appellate counsel for (a) failing to identify all the allegedly objectionable statements on direct appeal and (b) failing to assert an argument and cite authority for all the statements which were identified.  The district court held an evidentiary hearing at which Severson's appellate counsel on direct appeal testified.  Further, the district court relied on its prior findings (reached in addressing Severson's original post-conviction petition) about Severson's trial counsel, who handled the closing argument:

> [Trial counsel] was the Elmore County Public Defender at the time he represented Mr. Severson and . . . [he] had been an attorney for forty-one years [and had] approximately three hundred jury trials. . . . [Trial counsel] testified he had served as counsel on fourteen murder cases and he was death-penalty qualified.

2

Following the evidentiary hearing, the district court dismissed Severson's third amended petition. In a written decision, the district court considered numerous statements the prosecutor made during closing argument to which Severson's trial counsel did not object. The district court denied Severson's petition in its entirety, including his claims of ineffective assistance of trial counsel, cumulative errors, and ineffective assistance of appellate counsel. Severson challenges each of these denials.

## II.

## STANDARD OF REVIEW

"When appellate review of a district court's denial of post-conviction relief follows an evidentiary hearing, rather than a summary dismissal, the evidence must be viewed most favorably to the trial court's findings." *Icanovic v. State*, 159 Idaho 524, 528, 363 P.3d 365, 369 (2015). "On review, this Court will not disturb the district court's factual findings unless they are clearly erroneous." *Id.* "However, this Court exercises free review of the district court's application of the relevant law to the facts." *Id.* "If the district court reaches the correct result by an erroneous theory, this Court will affirm the order upon the correct theory." *Id.* "Additionally, constitutional issues are pure questions of law over which this Court exercises free review." *Id.* at 528-29, 363 P.3d at 369-70.

## III.

## ANALYSIS

### A.    Ineffective Assistance of Trial Counsel

"[T]he proper way for a defendant to challenge an unpreserved trial error is to assert ineffective assistance of counsel in a post-conviction proceeding." *Bias v. State*, 159 Idaho 696, 703, 365 P.3d 1050, 1057 (Ct. App. 2015); *see also State v. Hall*, 163 Idaho 744, 834, 419 P.3d 1042, 1132 (2018). A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v.*

3

*State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). The reasonableness of counsel's conduct is judged at the time of that conduct. *Strickland*, 466 U.S. at 690. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability is the "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In its written decision, the district court articulates the correct two-prong standard for evaluating Severson's claim that his trial counsel was ineffective, namely, whether counsel's performance was deficient and, if so, whether that deficiency prejudiced Severson. *See id.* at 687-88. In conducting this analysis, however, the district court jointly addresses the unobjected-to statements as they relate to the performance of Severson's trial counsel and also of his appellate counsel. As discussed below, the analysis of appellate counsel's performance necessarily turns on both the two-prong *Strickland* standard and the fundamental error standard. For this reason, the district court's joint analysis of the unobjected-to statements often commingles the terminology of these two standards and frequently reaches findings only under the fundamental error doctrine. While we conclude some of the district court's factual findings are erroneous, we nonetheless agree with the district court's ultimate conclusion that Severson's claim for ineffective assistance of trial counsel fails. This conclusion is supported by the application of the correct two-prong analysis under *Strickland*. *See Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996) (holding that if an order of the trial court is based on an erroneous legal theory, but is supported by a correct alternative legal theory, the Court will nonetheless uphold the trial court's decision).

Evaluating whether the performance of Severson's trial counsel was deficient for failing to object to the prosecutor's statements turns initially on whether those statements were outside the permissible bounds of proper closing argument. In other words, a prosecutor's statement must be objectionable before trial counsel's failure to object to the statement can be considered deficient performance. As a general rule, both the prosecution and the defense have traditionally been afforded considerable latitude in closing arguments to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007).

4

"Considerable latitude, however, has its limits, both in matters expressly stated and those implied." *Id.* For example, "closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused." *Id.* However, a prosecuting attorney may express an opinion as to the truth or falsity of testimony or the defendant's guilt when such opinion is based upon the evidence, but the prosecutor should avoid interjecting a personal belief and should explicitly state the opinion is based solely on the inferences from evidence. *State v. Timmons*, 145 Idaho 279, 288, 178 P.3d 644, 653 (2007).

"A closing argument may not misrepresent or mischaracterize the evidence, unduly emphasize irrelevant facts introduced at trial, [or] refer to facts not in evidence." *Phillips*, 144 Idaho at 86, 156 P.3d at 587 (citations omitted). "[A] prosecutor may not directly or indirectly comment on a defendant's invocation of his constitutional right to remain silent, either at trial or before trial, for purposes of inferring guilt." *Id.* "[A]ppeals to emotion, passion or prejudice of the jury through use of inflammatory tactics are impermissible." *Id.* Finally, "[i]t is generally recognized that a prosecutor may not comment on the victim's family during closing argument in order to appeal to the sympathies of the jury." *Severson I*, 147 Idaho at 720, 215 P.3d at 440. A court, however, "should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Id.* at 719, 215 P.3d at 439 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)).

In analyzing whether trial counsel should have objected to a statement, there is a strong presumption that counsel's performance was within the acceptable range particularly regarding the absence of objections, which are generally considered to fall within the realm of tactical or strategic decisions. *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994). "This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation." *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). "Choosing not to bring additional attention to statements made in closing arguments does not equate to inadequate preparation, ignorance of the law, or other shortcomings." *Hall*, 163 Idaho at 834, 419 P.3d at 1132.

Applying these legal principles, we conclude that, with one exception, trial counsel's performance was not deficient for failing to object to the statements Severson challenges on appeal.[1]

### 1.      Permissible closing argument

Several of the statements to which Severson's trial counsel did not object were permissible closing argument. These statements include:

> (a)      And as the phone is ringing and as [the person who called 911] is talking to [the 911 operator], she is not breathing, she is not moving, "Come back to us, Mary, come back to us."
>
> (b)      Could [someone else have tampered with Mary's medicine]? I suppose, in the same way that there are little green aliens could be coming to us from Mars or something. It is possible in one way, shape, or form that that's exactly what somebody did.
>
> (c)      Please don't hold that fact, that [a witness] may have said [the defendant's girlfriend] was nineteen instead of the ripe old age of 21. Or, she still looks like she is about 19.
>
> (d)      And I guess all the witnesses say that they saw [Severson] running around with a girl they thought was his daughter, who was a teenager, who was all of age 18 or 19. That may have been playing in [the witness's] mind.
>
> (e)      There is no innocence in this courtroom except the innocence of Mary Severson. She didn't have to die.
>
> (f)      The only reason she did [die] was the lust and greed of the defendant to get out of a marriage rather than divorce so he could get all the money and then some; and he could pursue his other women, not this fat woman that he saw in front of him who refused to give him the divorce.

The first of these statements, statement 1(a), is a slight misstatement of an exclamation made to the 911 operator, but it is substantially similar to the actual recorded statement, as the district court found. While not exactly accurate, statement 1(a) cannot be fairly described as a mischaracterization or misrepresentation of the evidence, and therefore statement 1(a) was not objectionable. *See Phillips*, 144 Idaho at 86, 156 P.3d at 587 (concluding mischaracterizations or misrepresentations are objectionable).

The remaining statements in this category, statements 1(b) through 1(f), are permissible inferences from the State's evidence and its theory that Mary did not commit suicide; only

---

[1]      Severson makes no argument and cites no authority on appeal regarding numerous unobjected-to statements that the district court analyzed on remand. As a result, Severson has waived any challenge to those statements, and we do not address them on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (concluding party waives appellate issue if either authority or argument is lacking).

6

Severson had the opportunity to tamper with Mary's medicine; and he murdered Mary to avoid an expensive divorce, to recover life insurance proceeds, and to resume his relationship with a younger, thinner woman. In the full context of the closing argument, statements 1(b) through 1(f) are not objectionable, and trial counsel was not deficient for failing to object to them.

### 2. Ambiguous remarks

Two statements are ambiguous remarks that may have been objectionable, but only if they are given their most damaging possible interpretations. These statements include:

(a) [Mary's] mouth opened easily. No one else in this courtroom has testified in front of you, that was there, that they injured Mary Severson's face.

(b) You have a difficult decision to make. There's people in this courtroom who have been here the entire time that you have heard from. Mary Severson isn't a body. Mary Severson isn't a picture of bruises.

Severson argues the first statement in this category, statement 2(a), was objectionable because it was a comment on his failure to testify in violation of his Fifth Amendment right to remain silent. Statement 2(a), however, occurs toward the end the prosecutor's argument discussing various witnesses' testimony about the source of the bruises on Mary's face. In this context, statement 2(a) is not a comment on Severson's silence but on the testimony about the source of that bruising, which was permissible closing argument.

Likewise, statement 2(b) can also be interpreted as permissible closing argument. While it was potentially an objectionable comment on Mary's family, it is also a fair comment on the evidence, which included pictures of Mary's bruising. The *Severson I* Court addressed a much more direct statement about Mary's family[2] and concluded the statement did not constitute fundamental error because it was brief, did not support an argument for a harsher punishment, and "merely reiterated evidence." *Severson I*, 147 Idaho at 720, 215 P.3d at 440. This reasoning likewise applies to statement 2(b). Statement 2(b) reiterated the evidence, was brief, and was not made in support of an improper argument.

While both statements 2(a) and 2(b) could be construed as having objectionable meanings, we decline to attribute to them their most damaging interpretations. As the *Severson I*

---

[2] This statement addressed on Severson's direct appeal was that: "Mary Severson isn't a decedent. Mary Severson was the 35-year-old mother of two boys. Mary Severson was the daughter of Carol Diaz. Mary Severson was the sister of Maria Gray. Mary Severson's life had purpose, and it had meaning. Your duty today is to give her death justice." *Severson I*, 147 Idaho at 720, 215 P.3d at 440.

Court ruled, a court "should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Severson I*, 147 Idaho at 719, 215 P.3d at 439 (quoting *Donnelly*, 416 U.S. at 647). In context, statements 2(a) and 2(b) were permissible argument, and trial counsel's performance was not deficient for failing to object to statements 2(a) and 2(b).

### 3. Objectionable statement

Only one statement Severson challenges on appeal was actually objectionable:

> (a) All we know is that according to [the State's expert witness]--I think a very credible individual, with nothing to lose in this matter--gave you a good answer as to how he figured out the totals [number of pills Mary ingested].

Statement 3(a) was objectionable as a direct comment on a witness's credibility. *See Phillips*, 144 Idaho at 86, 156 P.3d at 587 (concluding counsel should not comment on witness credibility). Regardless, that Severson's trial counsel did not object was likely not a performance deficiency but rather a strategic decision. There is no evidence that trial counsel was unaware witness vouching is impermissible or that he was otherwise not prepared.

Moreover, the lack of an objection to statement 3(a) was not prejudicial. Statement 3(a) was a fleeting comment, did not overly emphasize the witness's credibility, and was made during the course of a seventeen-day trial in which significant evidence of Severson's guilt was presented. For these reasons, it is not reasonably probable that counsel's failure to object to statement 3(a) caused a different trial outcome. *See State v. Alwin*, 164 Idaho 160, 170, 426 P.3d 1260, 1270 (2018) ("[E]ven where a prosecutor impermissibly vouches for a witness, the improper statements will not rise to the level of fundamental error."); *Aragon*, 114 Idaho at 761, 760 P.2d at 1177 (stating prejudice requires reasonable probability of different trial outcome).

### 4. Statements addressed on direct appeal

Finally, we decline to consider two statements because Severson's trial counsel actually did object to them, albeit post-trial, and the *Severson I* Court has already addressed them on direct appeal. The statements in this category include:

> (a) So, Mary gets to come home in October to find that this 21-year-old tramp has gone inside her house and painted her guest bathroom.
> (b) Yeah, she had some mild depression. Who wouldn't, after finding out your husband is screwing some 21-year-old, having an affair with some 21-year-old girl, and you're getting shipped back to Colorado. Who wouldn't be a little depressed about that, as a young woman?

8

The *Severson I* Court addressed statements 4(a) and 4(b), noting in a footnote that Severson's trial counsel objected to them post-trial. *Severson I*, 147 Idaho at 720 n.34, 215 P.3d at 440 n.34 ("Severson raised this objection to the trial court in his motion for a new trial."). When addressing statements 4(a) and 4(b), the *Severson I* Court referred only to the phrases "21-year-old tramp" and "screwing some 21-year old" in its analysis. *Id.* at 720, 215 P.3d at 440. These phrases each appear only once in the transcript of the closing argument in the context of statements 4(a) and 4(b). For that reason, it is indisputable the *Severson I* Court has already considered statements 4(a) and 4(b). The *Severson I* Court expressly ruled that, although inflammatory, the phrases were not prosecutorial misconduct and were not prejudicial. *Id.* at 721, 215 P.3d at 441. Accordingly, Severson cannot rely on statements 4(a) and 4(b) to support his post-conviction claims. *See Severson II*, 159 Idaho at 521-22, 363 P.3d at 362-63 ("[T]he Court's holding of no fundamental error . . . conclusively establishes that Severson was not prejudiced by the statements.").

In summary, we conclude that there is only a single instance in which Severson's trial counsel's performance could have arguably been deficient for failing to object--when the prosecutor commented on a witness's credibility. However, because this single instance was so fleeting and because there is no evidence that trial counsel was unprepared or ignorant of the law, we conclude Severson has failed to overcome the strong presumption that his trial counsel's performance was within an acceptable range and that the lack of objections was strategic. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (declining to second guess counsel's decisions absent inadequate preparation, ignorance of law, or other shortcoming); *Giles*, 125 Idaho at 924, 877 P.2d at 368 (noting strong presumption of acceptable performance). Further, we conclude the unobjected-to statements did not prejudice Severson. This conclusion is supported both by the trial's length and by the presentation of substantial evidence of Severson's guilt. In context, there is no reasonable probability the prosecutor's unobjected-to statements led to a different trial outcome. *See, e.g.*, *Aragon*, 114 Idaho at 761, 760 P.2d at 1177 (concluding prejudice requires reasonable probability of different outcome).

### 5. Curative instruction

Moreover, the trial court cured any prejudice the prosecution's unobjected-to statements may have caused by instructing the jury that counsel's argument was not evidence. The Idaho Supreme Court has previously held that such a curative instruction remedies any prejudice a

prosecutor's improper statements may have caused. *See Alwin*, 164 Idaho at 169, 426 P.3d at 1269 ("[M]isconduct may be remedied by an instruction from the district court informing the jury that the attorneys' comments are not evidence.").

The district court in this case concluded the trial court's curative jury instruction remedied any prejudice that various unobjected-to statements may have caused. This conclusion, however, applies to all the unobjected-to statements that Severson challenges on appeal. None of them is so inflammatory or egregious that the jury instruction, which we presume the jury followed, failed to cure any prejudice. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997) (noting presumption jury follows instructions); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996) (same). Accordingly, we affirm the district court's denial of Severson's claim of ineffective assistance of trial counsel for failing to object to the prosecution's closing statements.

## B. Cumulative Effect of Unobjected-To Statements

Severson challenges the district court's denial of his claim for ineffective assistance of trial counsel based on the "cumulative effect" of the lack of objections in closing argument. In addressing this claim, both the district court and Severson relied on the cumulative errors doctrine traditionally applied on direct appeal to analyze cumulative fundamental errors:

> Under the cumulative errors doctrine, an accumulation of irregularities, each of which might be harmless in itself, may in the aggregate reveal the absence of a fair trial in contravention of the defendant's right to due process. For the cumulative error[s] doctrine to apply there must have been more than one error. Moreover, errors not objected to at trial that are not deemed fundamental may not be considered under the cumulative error[s] analysis.

*Severson I*, 147 Idaho at 723, 215 P.3d at 443. The district court concluded this doctrine was inapplicable because none of the unobjected-to statements constituted fundamental error. We agree the doctrine is inapplicable.

No Idaho appellate court has adopted the cumulative errors doctrine in the context of a claim for post-conviction relief.[3] Assuming that the doctrine actually does apply to claims for post-conviction relief, the district court correctly found there were not two errors to trigger the

---

[3] The Idaho Supreme Court has recently rejected a claim for post-conviction relief under the cumulative errors doctrine in *Thumm v. State*, ___ Idaho ___, ___ P.3d ___ (Feb. 22, 2019) *reh'g pending*, but without expressly concluding the doctrine is applicable to post-conviction claims. The opinion in *Thumm*, however, is not yet final and remains subject to a potential rehearing.

doctrine's application. If the doctrine does apply, the appropriate analysis would focus on multiple instances of unobjected-to statements causing prejudice under the two-prong *Strickland*. Regardless, Severson has failed to demonstrate cumulative errors by showing at least two instances of prosecutorial misconduct or of deficient performance and prejudice. For these reasons, we affirm the district court's denial of Severson's claim based on the "cumulative effect" of his trial counsel's lack of objections.

## C.      Ineffective Assistance of Appellate Counsel

Severson challenges the district court's denial of his claim for ineffective assistance of appellate counsel. Severson alleged this claim after remand for the first time. As a result, the State contends the district court lacked jurisdiction to consider the claim. The State notes, "The general rule is that, on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court." *State v. Hosey*, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000). Undermining the State's argument is the *Severson II* Court's express statement that "[remand] gives the district court the opportunity to address any claims Severson may present regarding [his] appellate counsel's failure to raise on direct appeal those statements which the dissent noted but which the majority did not address." *Severson II*, 159 Idaho at 522, 363 P.3d at 363. This statement could be construed as a directive to the district court to consider Severson's claim for ineffective assistance of appellate counsel on remand. Regardless, we conclude the claim fails.

"The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right." *Mintun v. State*, 144 Idaho 656, 658, 168 P.3d 40, 42 (Ct. App. 2007). As with trial counsel, the same *Strickland* standard applies to a claim for ineffective assistance of appellate counsel: the petitioner must show that "appellate counsel's performance was deficient and caused prejudice in the outcome of the appeal." *Mintun*, 144 Idaho at 661, 168 P.3d at 45. "An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue." *Id.* "Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy." *Id.* "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." *Id.*

11

This Court disfavors a post-conviction claim for ineffective assistance of appellate counsel for failure to raise a claim of fundamental error on direct appeal:

> [T]he allowance of this type of claim for ineffective assistance of appellate counsel is ordinarily not necessary to protect a defendant's rights because the defendant can bring the same claim of impropriety in the trial proceedings as claims of ineffective assistance of *trial counsel* for failing to object to the alleged error in the trial court.
>
> . . . [A] rule allowing a post-conviction claim of ineffective assistance of appellate counsel for failing to raise an issue of fundamental error would be impractical, inefficient, and often disadvantageous to defendants whose interest would be better served by presenting such a claim post-conviction asserting ineffective assistance of trial counsel.

*Id.* at 662, 168 P.3d at 46.

In determining whether to raise a prosecutor's unobjected-to statement on direct appeal, appellate counsel analyzes the strength of that challenge under the fundamental error doctrine. Generally, appellate counsel attempts to anticipate whether the appellate court will agree that the unobjected-to statement constitutes a fundamental error.[4] In analyzing the effectiveness of Severson's appellate counsel, the district court properly focused on whether the prosecutor's unobjected-to statements were "prosecutorial misconduct," and if so, whether they constituted fundamental errors. As with the district court's analysis of Severson's claim of ineffective assistance of trial counsel, we conclude some of the district court's findings are erroneous. Nonetheless, we agree with the district court's ultimate conclusion that Severson failed to demonstrate ineffective assistance of appellate counsel.

First, Severson asserts his appellate counsel failed to raise any challenge on direct appeal to statements 1(c) and 1(d) above. These statements, however, were permissible closing argument and, thus, cannot constitute prosecutorial misconduct. Severson also asserts his appellate counsel should have raised statement 3(a) on direct appeal. Assuming statement 3(a) were prosecutorial misconduct because it commented on a witness's credibility, the district court correctly concluded statement 3(a) did not constitute fundamental error. For that reason, Severson was not prejudiced by appellate counsel's failure to raise statement 3(a) on direct

---

[4] Severson's direct appeal occurred before the Idaho Supreme Court's comprehensive analysis of the fundamental error doctrine in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), which has most recently been clarified in *State v. Miller*, ___ Idaho ___, ___ P.3d ___ (2019), *reh'g pending*. For that reason, the performance of Severson's appellate counsel is analyzed under the pre-*Perry* case law. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (holding the reasonableness of counsel's conduct is judged at the time of that conduct).

appeal. *See Severson II*, 159 Idaho at 522, 363 P.3d at 363 (equating no fundamental error with no prejudice). Furthermore, Severson was not prejudiced by his appellate counsel's failure to raise statements 1(c), 1(d) and 3(a) on direct appeal, because they have been addressed in this case for post-conviction relief.

Second, Severson asserts his appellate counsel failed on direct appeal to support Severson's challenges to statements 1(e) and 1(f) with argument and authority. These statements, however, were permissible closing argument and, therefore, cannot be prosecutorial misconduct. For this reason, appellate counsel was not deficient for failing to cite supporting authority and argument to challenge them. Because Severson has failed to show that his appellate counsel's performance was deficient and that he was prejudiced, we affirm the district court's denial of Severson's claim for ineffective assistance of appellate counsel.

## IV.
## CONCLUSION

We conclude the district court did not err in dismissing Severson's claims for ineffective assistance of trial counsel, for the cumulative errors of his trial counsel, and for ineffective assistance of his appellate counsel. Accordingly, based on the foregoing, we affirm the district court's denial of Severson's third petition for post-conviction relief.

Chief Judge GRATTON and Judge Pro Tem WALTERS **CONCUR**.